KRAVITCH, J.,
concurring in part and dissenting in part.
I agree with the majority’s decision to affirm the district court’s order granting summary judgment in favor of Volunteers on Nichols’s claims of racial discrimination and retaliation. I also agree with the majority’s conclusion that Nichols waived any argument that she was constructively discharged. But, because I believe that Nichols failed to properly assert a hostile work environment claim, I agree with the district court that Nichols waived this issue as well. Therefore, I respectfully dissent from that portion of the majority’s opinion.
“In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him.” Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.1995) (internal quotation marks omitted). Instead, “the onus is on the parties to formulate arguments.” Id.; see also Case v. Eslinger, 555 F.3d 1317, 1328 (11th Cir.2009) (emphasizing that, because the plaintiff failed to “explain why the defendants were not entitled to” summary judgment, “he ‘cannot readily complain about the entry of a summary judgment order that did not consider an argument [he] chose not to develop for the district court at the time of the summary judgment motions’.” (quoting Johnson v. Bd. of Regents, 263 F.3d 1234, 1264 (11th Cir.2001) (alteration in original))).
Like the plaintiff in Case, Nichols failed to develop her hostile work environment claim at the time of Volunteers’s summary judgment motion. In her brief in opposition to summary judgment, Nichols never set out the elements of, or cited any legal authority for, a hostile work environment claim. She never devoted a section or even a paragraph to explaining the specific facts that amounted to a hostile work environment. Instead, she only mentioned hostile work environment in a conclusory manner — by explaining that, for example, she “reported the racially hostile working [sic] at [Volunteers]” — or in her headings, introduction, or conclusion, simply tacked on to enumerations of her discrimination and retaliation claims.
*766 It is clear from her brief that Nichols conflated “hostile work environment” with her discrimination and retaliation claims: Nichols set out the requisite elements for those other two claims, which are distinct from the hostile work environment elements,[1] and developed legal argument for those claims. But she failed entirely “to formulate arguments” about her hostile work environment claim, as our case law requires. Resolution Trust, 43 F.3d at 599. At no point did she link facts to law to “explain why [Volunteers was] not entitled” to the judgment it sought for the reasons Volunteers explained. Because Nichols was counseled throughout her case and, despite this, provided no legal or direct factual support for a hostile work environment claim, I am compelled to conclude that she did not adequately develop her claim at the summary judgment stage.
Importantly, “[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.” Resolution Trust, 43 F.3d at 599. Requiring the district court to determine how the facts Nichols set out satisfied the elements of a hostile work environment claim, in the absence of any argument from Nichols, would be unduly burdensome and tantamount to obliging the district court to serve as counsel for Nichols, which we cannot do. Cf. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998) (holding that, even in the case of a pro se litigant, the district court cannot “serve as de facto counsel for a party” or “rewrite an otherwise deficient pleading in order to sustain an action”), overmled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir.2010). Accordingly, I would affirm the portion of the district court’s order finding that Nichols abandoned her hostile work environment claim.

. Compare Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir.2002) (hostile work environment elements) with McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (discrimination elements) and Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir.2008) (retaliation elements).